**Alan KAUFMAN, Plaintiff–Appellant,**

v.

**ALL SEASONS MARINE WORKS, INC., Middlesex Marine Sales and Repair LLC, Theodore G. O'Neill, Jr., Defendants–Appellees,**

**John Doe Boatyard, John Doe, Defendants.\***

No. 12–4700.

United States Court of Appeals, Second Circuit.

Feb. 19, 2014.

Alan Kaufman, Darian, CT, pro se, Plaintiff–Appellant.

Michael T. Bologna, Fitzpatrick, Fray & Bologna LLC, Fairfield, CT, for Defendants–Appellees, All Seasons Marine Works, Inc., Theodore G. O'Neill, Jr.

John Douglas Maxwell, Regina von Gootkin, Brown Paindiris & Scott, LLP, Glastonbury, CT, for Defendant–Appellee, Middlesex Marine Sales and Repair LLC.

PRESENT: DENNIS JACOBS, DEBRA ANN LIVINGSTON and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Alan Kaufman, *pro se*, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim, on the ground that he had not demonstrated state action.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). Generally, denial of a motion for leave to amend the complaint is reviewed for abuse of discretion. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir.2012).

---

\* The Clerk of the Court is directed to amend the caption as set forth above.

1. The district court dismissed Appellant's state law claims, reasoning that because it had dismissed Appellant's federal law claims, it lacked jurisdiction over Appellant's state law claims. The district court, in fact, had supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, although given its disposition of the federal claims, it had discretion to decline to exercise such jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Because Appellant has not raised this issue on appeal, we need not address it further. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued ... are considered waived and normally will not be addressed on appeal.").

However, where the denial is based on a ruling of law, we review *de novo*. *See Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88 (2d Cir.2011). Here, an independent review of the record and relevant case law confirms that Kaufman's claims were properly dismissed. We affirm for substantially the same reasons stated in the district court's thorough October 16, 2012 decision.

We have considered all of Kaufman's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.